Good morning, Your Honors. May it please the Court, Carol Gillum on behalf of Plaintiffs' Appellants. We represent two women who sought to be class representatives for over 400 bus drivers in Fresno, California. The class certification motion was heard by a magistrate judge, Barbara McAuliffe, and she denied that motion. When she did so, she never addressed any of the subclasses. There were four. We sought here to focus on one of those four subclasses, and that was the fourth one, which was the wage statement violations. This Court granted us leave, and so we are here today. What First Student did here is to make it not just a nearly impossible for these bus drivers, many of whom barely have a high school education, to figure out whether they got paid for all the hours they worked. They covered one period of time on the pay stub and statement, and a different period of time on a payroll spreadsheet that they used. Now, why in the world would they do that? It appears to me, as with most things in this case, that if you follow the money, you find the answer. First Student is very concerned with billing school districts for every revenue dollar they can, and paying drivers for every hour they must came in second. So what we did here is submit declarations from a number of people who talked about how confusing it was to try to figure it out. You could never determine your pay accurately by looking at the pay stub. You had to look at at least one other document, the spreadsheet, and you had to look at one from a previous pay period because only nine days of one pay period were being covered. This is something that is a pretty egregious violation of the law. Section 226 requires certain information on pay stubs, including the hours worked, the days worked, the deductions, and so forth. And in this case, First Student failed to do that. And they failed for years and years. Only long — well, after we were into this litigation, did they finally change their practices. Kagan and Kagan What? Kagan and Sotomayor Yes. Kagan and Sotomayor Go ahead. Kagan and Sotomayor Thank you. I was going to ask, does the Section 226, do they provide for the remedy of that violation? If there's a violation of Section 226, then what is the  Kagan and Sotomayor The remedy — there are three remedies provided for in the statute. One is the penalty, statutory penalties of $100 for every period after the first up to a maximum of $4,000. Secondly, you can recover actual damages, which in this case would be wages. And third, you can seek injunctive relief. And we pled all three of those in the underlying complaint. Kagan What does the complaint allege with regard to the named plaintiffs' personal injury or from this? Sotomayor I'm sorry. Can you speak a little — Kagan What does the complaint allege with regard to the named plaintiffs in particular? Sotomayor In particular, it does allege that they, when they received their pay stubs, would try to go to management and complain that it appeared they were not being paid for all the hours that were worked. And one of them, in particular, Ms. Humes, was very vocal and went to management numerous times trying to get the situation straightened out, all to no avail. Kagan But how does — are they alleging particularized — I understand — ultimately, this question comes — this issue at least intersects with the amendment of the statute to include a per se injury. Were they alleging per se injuries or actual injuries on their own behalf? Sotomayor Well, the complaint alleged both. And, of course, the complaint was brought on their behalf as well as on behalf of a class. So each person's injuries, while the number of dollars would be different, they're That's what it took here for someone to figure out what was going on. The economist went through and found that every single one of over 5,000 instances where he compared the pay stub to the spreadsheet, they were all wrong because they were counting different days, different hours. Kagan But presumably, ultimately, I guess, the defendant's claim that there's a limitations problem with regard to all but one year, right? Sotomayor They claim that, yes. And they're — Kagan Pertinent? Sotomayor They're incorrect in that, Your Honor, because we have a wage claim and a 17-200 claim, and therefore, we can go back and look for four years' worth of damages. Injunctive relief is not so — Kagan But the per se injury only applies to the penalty. Sotomayor Well — Kagan Statute. Sotomayor The statute — what the amendment did was say that injury is presumed. Kagan As to the penalty. Sotomayor Well, that's certainly true, that it is as to the penalty that it is presumed. Kagan Not as to any other sort of damage. Sotomayor But I'm not — no, I'm not certain that the amendment was limited exclusively to the statutory penalty. The amendment was to make clear that you should not be looking narrowly at these claims as a couple of courts had done. And, of course, in this case, those are the cases that were cited by First Student. And they had to know better. Littler had to know that the law was amended in 2013 and that there were a whole slew of cases since then, two in the California Intermediate Courts of Appeal and a number of Federal District Court cases, all of whom held that it was clarifying and retroactive. It's not even called retroactive. It's clarifying. And so there was not an actual change. Kagan And the relevance of the statute? Sotomayor Yes, Your Honor. Kagan Does the record show why the defendant was doing this? Sotomayor I don't believe that they admitted to the reason why they were doing it in the record. They admitted they were doing it. The yard manager in the record says these are two different periods. That's true, that these wage statements are never accurate. So we have that in the record. Their motivation, I believe we developed in some other instances to show why managers were incentivized to suppress wage claims to deny people who came into the office. But we limited this appeal to just the wage statement claim. Kagan Okay. Sotomayor If you don't have any other further questions, I'll reserve the rest of my time. Kagan Is your suggestion at this point that we hold that there was a proper class or that we hold that the district court didn't address the question? Sotomayor Thank you. Thank you for reminding me that was my question. Ask. Yes. Your Honor, I'm asking, as the Ninth Circuit has found previously, that when the record is sufficiently developed, you can certify the class here on your own without remanding. Kagan Well, what about numerosity? I mean, if, in fact, there were some limitation of the class based on time periods, either because of the limitations period, would it you think there isn't, but if there possibly is, could there be a numerosity problem? Sotomayor There are still hundreds of drivers, even if you narrow the period down to one year preceding our filing. It would go from 2015 through the present, really. Kagan And how do we know that? Is there a 400-year time? Sotomayor It's in the record that, yes, typically they have at least 200 drivers under contract each year. So there was never an issue of numerosity. Kagan I see. Well, that's helpful. Anything else? Sotomayor No, thank you. Kagan I'm going to save your time. Okay, go ahead. David Dow Good morning. David Dow, representing Defendant DiPelle, first student. I think where I'd like to pick up and begin with is the question of to the extent this court determines that the district court failed to give due consideration to this particular theory of liability in this particular subclass, what's the appropriate remedy? And I think it begins with the proceedings that took place before the district court. The plaintiffs did identify this fourth subclass as the wage statement subclass, but they didn't in their notice of motion give any indication that the theory of liability for this wage statement subclass was any different than the same theory of liability for the main class and the other subclasses, which was off-the-clock work. And when you look through their opening brief before the district court... Well, typically, the Section 226 wage claims are derivative claims. In other words, the theory is drivers work off the clock, so there's unpaid time, and there's unpaid time that's missing from the wage statement. And so the off-the-clock claim creates... Kagan Isn't it in the complaint that they weren't so much alleging that it was missing from the wage statements as that the wage statements were incomprehensible? I mean, as compared to the payroll. In other words, that there was a lack of clarity, which itself was a violation. No. That's not what was alleged in the complaint. In the complaint, they allege pursuant to Labor Code Section 226, subsections E and F, and based on defendant's conduct as alleged herein, which only alleged off-the-clock work, the class members, including plaintiffs, are entitled to $50 for the initial... Oh, I'm sorry. I'm reading the wrong paragraph. During the class period, defendants have routinely failed to provide class members, including plaintiffs, with timely and accurate wage and hour statements showing gross hours earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing the school bus drivers, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate. So there was nothing in the complaint that said we received where our wage statements are confusing or that says we receive a payroll spreadsheet that has a different time period than is reflected on the wage statements. So that theory wasn't alleged in the complaint. Getting back to the motion for class certification, the plaintiffs devoted only two paragraphs, or actually four paragraphs, in their opening brief regarding the wage statement claim out of a 25-page brief. Kagan. That's four paragraphs. It is. It is. But they didn't address it in the reply brief, and they never addressed the wage statement claim at oral argument, despite the fact that the judge ---- Kagan. Where is this all going? It may make it understandable that they didn't address it, but it doesn't make it acceptable if there, in fact, were four subclasses from the outset and they did allege it and they did address it, so it was part of the case. Yes. And I understand. And here's where it's going. It took a long time. It was a long windup to get here. The appropriate remedy, to the extent this Court decides that the district court didn't give due consideration to this subclass, would be to remand to the district court to be able to make this call in the first instance. The district court issued a 17-page decision going through all of the class certification standards, and so it's not that the district court just completely shirked its duty, as in the Naruse and Rodriguez cases which have been cited. It's that the district court failed to pick this particular theory out from among the weeds in the entirety of the class certification motion. And so for that reason, we think that to the extent there was error, the case should be remanded for consideration by the district court. The other question that I want to address is this notion of injury and damages. The plaintiffs have sort of been a moving target on what their theory of liability is here. Sometimes they're arguing the wage statements are incorrect because they don't accurately report hours that were worked, and sometimes the theory is that the wage statements don't show the correct time period. The reality is that the time period that the ---- Kagan. I thought their argument was that they couldn't ---- because it didn't show the correct time period, then they couldn't decipher whether they were getting paid for the correct hours that they were ---- that they worked. Yes, I understand that. Well, the drivers received a payroll spreadsheet which showed each day that they worked, the number of hours that they worked, and the amount of pay for each day, and then that all totaled up at the bottom of the spreadsheet. But that's a merits question. The merits of whether or not whatever they did, as long as it's uniform and it seems to be uniform, violates the statute or doesn't is a merits question. Yes and no, because this actually ultimately goes to the question of damages, which is what the Court was focused on earlier in the discussions today. But we now know that at least for the post-2013, at least for the post-2013 people at least, that there's ---- they are deemed to suffer injury if there's a violation. Correct. They're deemed to suffer injury. So there really isn't an issue of damages. Damages comes into play for the pre-2013 time period to the extent and ultimately ---- The clarification versus retroactivity problem. Correct. Correct. Okay. So the problem that the plaintiffs have is that they have no damages. They may have post-2013 a presumption of injury because the statute says ---- But I thought their claim is, their contention is, and which has been accepted by every court that's addressed it, as I understand it, that the deemed injured provision applies pre-2013. It has been widely accepted. Right. I don't know that that widespread acceptance is necessarily correct, and here's why. The cases that have been cited that applied section, the injury requirement before 2013 found that the plaintiff's needed to show an actual injury of some sort. I thought some did and some didn't. I haven't seen any that said that a showing of injury wasn't required. Well, a showing of injury is required, but the question is whether or not getting the report, the proper report, is an injury. I thought there were some cases that said it was. I'm not aware of those cases. I didn't see them. The only cases that we were able to locate were the cases that said just not having the information on a wage statement isn't an injury. It requires something more. Not necessarily a whole lot more, but something more. And so when the statute is amended in 2013 that says injury is deemed to have been sustained just by virtue of the fact that information is missing or is incorrect, that's a change in the statute because now instead of having to show injury, plaintiffs no longer need to do that. Injury is instead presumed to exist, and that's a change. Assuming I'm correct, the question of damages comes up to the extent the plaintiffs are trying to seek actual damages in this case. Their expert found, and really what was taking place is that the actual pay period that the drivers were being paid for was slightly different than the pay period that was reflected on the wage statement. So to the extent there was any inaccuracy in the wage statement, it was that it didn't list the correct pay period, that it doesn't necessarily follow that the plaintiffs sustained any damages. Their own expert concluded, based on his analysis, that if you look at the actual pay period that was being paid, the drivers received all of their wages. And so there are no damages because the drivers were ultimately paid everything that they were owed. But if their claim is that they did suffer damages, then that's why we have to look at that in order to figure out whether this should be classified as a subclass. Correct? Yes. And my argument is, yes, their claim is that they suffered damages, but even their own expert economist statistician ultimately concluded they didn't because they've been paid all of the wages that they were owed. If we were to bring him in and say, so what wages haven't they been paid, his answer would have to be nothing. They've been paid everything. So where are the damages? So you're asking us at this point to make a summary judgment ruling? Is that? No, I'm not. Why is it relevant? I think it comes back to the question of to the extent a class should have been certified, what time period should the class have been certified for, and whether or not there are any damages to the extent the plaintiffs are seeking damages as opposed to the statutory penalties. And our position is if there are no damages and their experts already said there are no damages, then the whole damages question falls out of play. And it's not something that needs to be considered or relied upon for purposes of class certification, whether it's certifying the class or deciding how far back into the past the class should extend. I see. Thank you. Okay. And I think unless there are questions, that was what I had to say. Thank you. Thank you. Just a reminder that what we ---- Can I ask a question? Oh, yes. Let me just see if I got this straight. The penalty provision is subject to a one-year limitations period. Do you agree with that? I believe that is likely the correct answer. Okay. Yes. The deemed injured piece clarification must be applying ---- must be pertinent to the penalty remedy because if you're going to prove damages, then you have to prove an actual injury. It is relevant to the penalty, yes. But I don't think it's ---- And only to the penalty. And only to the penalty. It's not exclusive to that. I'm sorry. What? Yeah. It's just not the clarifying amendment is not exclusive to the penalty. Well, how could that be? Because if it's not the penalty, then you have to prove actual damages. To prove actual damages, you have to prove an actual injury. No. Okay. Let me say one thing. He was saying that the economists found there were no damages. That is not correct. I don't want to know it. I want an answer to my question. All right. How would you ---- in what circumstances could there be actual damages without an actual injury? Are there any? Damages without an injury, you said? Yes. Well ---- With a deemed injury. If you have a deemed injury, you get a penalty, but you don't get anything else. You get ---- yes, you get a penalty for the deemed injury. Right. But you don't get ---- so therefore, with regard to the actual damage as part of the statute, the ---- there does have to be proof of actual injury. That I'm not clear to be the case, Your Honor. I understood this clarifying amendment to mean that everything that was available under the statute post-2013 was also available back as far as you can go, and that it did not only restrict it to the ---- No, no. I understand that. You can go back, but without the clarifying amendment, because to ---- you can go back with the clarifying amendment is your position, but only the only remedy, then, is a penalty. You can go back without the deemed injured clarification to get actual damages, which means an actual injury. You could, yes. You could always go back four years for that. Okay. So then the question becomes, so that kind of tees up the issue whether the actual injury piece of it creates a class action problem because of predominance and common issue and so on. This is a ---- that would really be a merits and damages issue to me. What we're talking about here is their uniform practices drive one answer to a question that's commonly common to everyone in the class, and that ---- Yes, that sounds right, whether it was an improper practice. Right. So all you have to do here, really, is say that workers could not determine their accurate pay just by looking at their wage statements, and that's the end of the story as far as at least the statutory penalties. We have a class that's eminently certifiable on that basis. The further question of whether workers can get ---- The time period. What time period is this class covering really is the question. Yes. Then you have that question. We said the class went back to 2011. That was four years before we filed. If the suggestion that the statutory penalty is only a year, that goes back from the time one year prior to filing all the way forward, so it would have gone from 2014 through the present. Presumably, the district court on remand can figure that out, i.e., how far back does the class go? Yes, presumably that can happen, although I am suggesting that with the authority you have, you can figure it out as well. Well, I'm having a slightly harder time figuring it out because of this actual damages, actual injury problem with regard to the 2012 period. That's my glitch. Yes, and I understand that it is a more difficult question that requires more thinking than I can do on my feet at this very second as you're struggling with it yourself, Your Honor. All right. Anything else? Thank you. Thank you very much. Thank you. All right. The case of Humes v. First Student is submitted. We are adjourned for the week. Thank you very much.
judges: Gould, Berzon, Marquez